IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IRAJ MAHMOUDI, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-04-2596 |
| | § | |
| JOHN ASHCROFT, *et al.*, | § | |
|     Respondents. | § | |

OPINION ON DISMISSAL

Petitioner instituted this habeas action on July 2, 2004, alleging that he was unlawfully detained and subject to removal without a hearing under 8 U.S.C. § 1228(b). (Docket Entry No.1). Respondent filed an answer on August 30, 2004, indicating that petitioner's status has been corrected and that petitioner is currently in Immigration Judge removal proceedings under 8 U.S.C. §§ 1229, 1229a and 8 C.F.R. Parts 239, 240, and 1003. Respondent contends that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(c) while the Immigration Judge determines whether petitioner shall be ordered removed from the United States. (Docket Entry No.3). In response, petitioner claims that he is not lawfully detained and not deportable because he is a citizen of the United States and was tried and convicted for possession of a controlled substance as a national and citizen of the United States. (Docket Entry No.10). For the reasons to follow, the Court will dismiss petitioner's federal habeas petition without prejudice.

Background

Petitioner was born in Iran and, by way of England, came to the United States in 1978. (Docket Entry No.10). In 1987, petitioner became a lawful permanent resident of the United States. On June 14, 1995, petitioner filed an application for naturalization and a clearance letter from the City of Houston Police Department, which cleared him of any wrongdoing for the past seventeen years. (*Id.*). On April 10, 1996, petitioner was interviewed by an Immigration and Naturalization

Service ("INS") agent, who approved the application. (*Id.*). Thereafter, petitioner was scheduled to appear for the oath hearing. (Docket Entry No.3). On April 18, 1996, the United States Customs Service in Miami, Florida informed a Houston agent that they had intercepted a package from Lima, Peru, addressed to Mr. Santos Morates at petitioner's address in Houston, Texas. (Docket Entry No.10). The package contained cocaine. (Docket Entry No.3). Consequently, a task force of Customs's agents and Houston police officers did a controlled delivery of the package. (*Id.*). After delivery of the package to petitioner's address, a search warrant was executed and a bread maker laden with cocaine and other evidence was recovered. (*Id.*). Petitioner was arrested the next day. He was indicted by a Harris County Grand Jury on June 11, 1996, for possession of cocaine with intent to deliver. (*Id.*). Petitioner was released on bond sixty-nine days later. (*Id.*).

On August 2, 1996, while out on bond, petitioner submitted the Notice of Final Naturalization Hearing, in which he stated that since his interview, he had not been "arrested, cited, charged, [or] indicted . . . for breaking or violating any law or ordinance, including traffic violation." (*Id.*). Petitioner was then allowed to participate in oath ceremony and sworn in as a United States citizen on August 2, 1996. (*Id.*).

On February 12, 1997, petitioner was convicted of possession of cocaine with intent to deliver by a jury in the 183rd District Court of Harris County, Texas in cause number 720906. (Docket Entry No.10). He was assessed an eighteen year sentence in the Texas Department of Criminal Justice-Institutional Division. (Docket Entry No.3). His conviction was affirmed on direct appeal. *Mahmoudi v. State*, 999 S.W.2d 69 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd).

In 2001, a federal grand jury returned a Superseding Indictment against petitioner, charging him with naturalization fraud in violation of 18 U.S.C. § 1425(b) and false statement to a federal

2

agency in violation of 18 U.S.C. § 1001. (Docket Entry No.3). Petitioner was convicted by a jury on all counts and sentenced by the federal district judge to four months confinement to be serve concurrently with his state sentence for possession of cocaine. *USA v. Mahmoudi*, 4:01-CR-00587 (S.D. Tex. July 19, 2002). Petitioner's conviction was affirmed by the Fifth Circuit Court of Appeals. *USA v. Mamhoudi*, No.02-20837 (5th Cir. 2003). The government then moved to vacate petitioner's naturalization. *USA v. Mahmoudi*, 4:01-CR-00587, Docket Entry No.97. The district court granted the motion and later denied a motion to vacate the order pursuant to 28 U.S.C. § 2255. *Id.*, Docket Entries No.98, No.114, No.116. The Fifth Circuit Court of Appeals denied petitioner a certificate of appealability on March 28, 2005. *Id.*, Docket Entry No.125.

Petitioner is now in Immigration Judge ("IJ") removal proceedings pursuant to 8 U.S.C. §§ 1229 and 1229a and 8 C.F.R. Parts 239, 240, and 1003. He was removed from state custody and remanded to the custody of the Department of Homeland Security Immigration and Customs Enforcement (ICE) for execution of the removal orders pursuant to 8 U.S.C. § 1226(c). (Docket Entry No.3). Neither party indicates whether a final order of removal has been issued in this case.

## Discussion

Petitioner claims that he is not deportable because the decision to deny naturalization is not final. (Docket Entry No.10). He further claims that he has no other citizenship because he denounced his Iranian citizenship when he took his oath of allegiance to the United States and his former country has placed a seal stating that he has no other nationality except the United States. Finally, he claims that he was a national and citizen of the United States when he was convicted in 1997; therefore, he cannot be deported as an alien under 8 U.S.C. §1227.

Petitioner's detention is mandated by 8 U.S.C. § 1226(c)(1)(B) which authorizes detention during removal proceedings for a limited class of deportable aliens, including those convicted of an aggravated felony, like petitioner. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) (holding "[d]etention during removal proceedings is a constitutionally permissible part of that process"). The § 1226(c) removal proceedings also entitle a detainee to the immediate provision of a "*Joseph* hearing," in which the "detainee may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *Id.* 538 at 514 n. 3 citing 8 CFR § 3.19(h)(2)(ii) (2002); *Matter of Joseph*, 22 I. & N. Dec. 799, 1999 WL 339053 (BIA 1999). Petitioner has raised a good faith argument that he is not, in fact, deportable under 8 U.S.C. 1227, *see Costello v. Immigration and Naturalization Service*, 376 U.S. 120 (1964); but he does not indicate that he has demanded the hearing to which is he entitled. Even though exhaustion of administrative remedies is not statutorily mandated in this case, sound judicial discretion requires that petitioner seek relief from the IJ pursuant to a *Joseph* hearing before seeking relief from the federal courts. *See e.g. Gonzales v. O'Connell*, 355 F.3d 1010 (7th Cir. 2004) (stating sound reasons for requiring exhaustion but excusing requirement as exercise in futility in that case). Accordingly, the Court will deny petitioner habeas relief and dismiss this case without prejudice.

## Conclusion

Based on the foregoing, the Court ORDERS the following:

1. Petitioner's motions for an entry of order of release (Docket Entries No.5, No.6, No.7, No.8) are DENIED, without prejudice.

2. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE to petitioner moving to reopen in this Court after exhausting his administrative remedies.

3. Petitioner is ORDERED to notify the Court within thirty (30) days regarding his status and the pending proceedings before the IJ.

The Clerk shall send a copy of this Order to the parties.

Signed at Houston, Texas, this 7th day of June, 2005.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE